Mr. Justice Clayton,
delivered the opinion of the court.
At the January term, 1846, of the probate court of Yalabusha county, dower was assigned to Elizabeth McGee, the widow of Samuel McGee, deceased, in his lands in said county. In a very short time the widow died, and at the July term, 1846, of the court, an order was -made upon the petition of her administrator to sell “the dower interest of the widow.” in said lands, after service of process upon a portion of the parties. The lands were afterwards sold on a credit of twelve months, and the sale confirmed.
At the May term, 1847, of the same court, James M. Holmes and others, being in part the same persons embraced in the proceedings just referred to, filed a petition stating that they with the defendants were the heirs at law of Samuel McGee, deceased, and praying for a sale of the same lands as part of his estate, *413 which had been previously sold by the administrator of the widow, “ as the dower interest of the widow-” The defendants opposed the order of sale upon the ground that the lands had been sold, and that the title had passed by the previous sale. The court below adopted this conclusion, and dismissed the petition.
The whole proceedings upon the petition of the administrator are founded upon the supposition that the widow had a fee simple title in the lands allotted to her for dower. The order of sale describes the land as “ the dower interest.” The parties are described as the heirs at law of Elizabeth McGee, deceased. The report of sale calls them the lands, tenements and heredit-aments of Elizabeth McGee, deceased; the order of confirmation uses the same language, and directs that the administrator of •Elizabeth McGee, deceased, execute valid conveyances to the purchaser.
This was all a tissue of errors. After the death of the widow, her dower interest in the lands was at an end. Her administrator, as such, had no concern with them. The interest sold amounted to nothing, and such sale can constitute no bar to a decree for a sale of the lands, as part of the estate of Samuel McGee, deceased.. The court below, therefore, erred in dismissing the petition. The sale of that, which in reality was no title, cannot operate to preclude a sale of a valid and subsisting title.
The order will, therefore, be reversed, and the cause remanded for further proceedings in conformity with this opinion.
Judgment reversed and cause remanded.